IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 1:22-cv-02058

CLARA VIRGINIA DAVIS,
    Plaintiff,

v.

REVELATIONS IN CHRIST MINISTRIES d/b/a HOLY GROUND REAL ESTATE, HOLY GROUND TINY HOMES, GODSPEED GARAGE, RACING FOR GLORY, and HOPE FOR THE POOR,

    Defendants.

**ANSWER TO COMPLAINT**

COMES NOW, defendants by and through counsel, and responds to the complaint in this case, and states:

The following is pled based on the information available to the parties at this point in the litigation, and the defendants reserve the right to amend such answer consistent with F.R.C.P. 7.

    I.    Answer to Complaint

1. Defendants lack sufficient information to form a belief concerning paragraph one, and it is therefore denied.

2. Defendant admits.

3. Defendant denies paragraph three.

4. Defendants can neither affirm nor deny paragraph four; and cannot confirm whether this court has jurisdiction over federal claims that exceed the required amount in

controversy; since the face of the complaint alleges only $42,275 before statutory damages multiply.

5. Defendant admits it is a resident in Colorado but denies any 'aggrieved' conduct took place in Colorado.

6. Defendant admits it resides in Colorado but denies aggrieved conduct took place there; and does not concede personal jurisdiction.

7. Paragraph seven is an incorporation paragraph and can be neither affirmed nor denied.

8. Defendant admits paragraph eight.

9. Paragraph twelve is admitted.

10. Defendant admits paragraph ten.

11. Defendant admits paragraph eleven.

12. Defendant admits paragraph twelve.

13. Defendant admits paragraph thirteen.

14. Defendant admits paragraph fourteen.

15. Defendant is without sufficient information to form a belief as to the allegation in paragraph fifteen and therefore deny the same.

16. Defendant is without sufficient information to form a belief as to the allegation in paragraph sixteen and therefore deny the same.

17. Defendant admits paragraph seventeen.

18. Defendant admits paragraph eighteen.

19. Defendant denies paragraph nineteen.

20. Defendant admits paragraph twenty.

21. Defendant denies paragraph twenty one.

22. Defendant admits paragraph twenty two.

23. Defendant admits paragraph twenty three.

24. Defendant admits paragraph twenty four.

25. Defendant can neither affirm nor deny paragraph twenty five and it is therefore denied.

26. Defendant can neither affirm nor deny paragraph twenty five and it is therefore denied.

27. Defendant denies paragraph twenty seven.

28. Defendant is without sufficient information to form a belief as to the allegation in paragraph twenty eight, and therefore denies the same

29. Defendant admits paragraph twenty nine.

30. Defendant admits paragraph thirty.

31. Defendant admits paragraph thirty one.

32. Defendant admits paragraph thirty two.

33. Defendant admits paragraph thirty three.

34. Defendants can neither affirm nor deny paragraph thirty-four and it is therefore denied.

35. Defendants can neither affirm nor deny paragraph thirty-five and it is therefore denied.

36. Defendant admits paragraph thirty six.

37. Defendant admits paragraph thirty seven.

38. Defendant admits paragraph thirty eight.

39. Defendant admits paragraph thirty nine.

40. Defendants can neither affirm nor deny paragraph forty and it is therefore denied.

41. Defendant denies paragraph forty one.

42. Defendant admits paragraph forty two.

43. Defendant is without sufficient information to either affirm or deny paragraph forty-three, and it is therefore denied.

44. Defendant denies paragraph forty four.

45. Defendant admits paragraph forty five.

46. Defendant admits paragraph forty six.

47. Defendant admits paragraph forty seven.

48. Defendant admits paragraph forty eight, based in part on the anticipatory breach or repudiation of the contract by Plaintiff.

49. Defendants denies paragraph forty nine.

50. Defendant denies paragraph fifty.

51. Defendant denies paragraph fifty one.

52. Defendant denies paragraph fifty two.

53. Defendant is without sufficient information to either affirm or deny paragraph fifty-three, and it is therefore denied.

54. Defendant denies paragraph fifty-four.

55. Defendant denies paragraph fifty-five.

56. Paragraph fifty-six is an incorporation paragraph, and to each such prior paragraph, the defendant asserts the respective prior response.

57. Defendant admits to paragraph fifty seven.

58. Defendant admits paragraph fifty-eight.

59. Defendant admits paragraph fifty-eight.

60. Defendant admits paragraph sixty.

61. Defendant admits paragraph sixty-one subject to the affirmative defenses below..

62. Defendant denies paragraph sixty-two.

63. Paragraph sixty three is an incorporation paragraph, and to each such prior paragraph, the defendant asserts the respective prior response.

64. Defendant admits to paragraph sixty four.

65. Defendant denies paragraph sixty five; and indicates production and delivery were scheduled in August and September 2022.

66. Defendant admits Plaintiff deposited money to build a product, and that product was not delivered on time; Defendant however offered to build the home by October 1, 2022 due to supply chain breaks and delays caused by both COVID and overseas supply problems.

67. Defendant denies paragraph sixty seven.

68. Paragraph sixty eight is an incorporation paragraph, and to each such prior paragraph, the defendant asserts the respective prior response.

69. Defendant denies paragraph sixty nine.

70. Defendant denies paragraph seventy.

    71. Defendant denies paragraph seventy one.

    72. Defendant denies paragraph seventy two.

    73. Defendant denies paragraph seventy three.

    74. Defendant denies paragraph seventy four.

    75. Defendant admits paragraph seventy five.

    76. Defendant denies paragraph seventy six.

    77. Defendant denies paragraph seventy seven.

    78. Defendant denies paragraph seventy eight.

    79. Defendant denies paragraph seventy nine.

    80. Defendant denies paragraph eighty.

    II.    Affirmative Defenses

1. Plaintiffs' claims are barred in whole or in part by her own prior or anticipatory breaches of contract and/or anticipatory repudiation of the contract.

2. One or more of Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

3. Plaintiffs' claims are barred by accord and satisfaction.

4. Plaintiffs' claims are barred by the failure of consideration, the doctrine of estoppel, release, and/or waiver.

5. Defendants indicate the performance on the underlying contract may have been impacted by COVID 19 and the pandemic, as an Act of God or unanticipated cause of any breach.

6. Plaintiff's consumer protection act claims fail for lack of significant public impact.

7. Plaintiff's claims may be denied as there was a novation.

8. Plaintiff's claims may be denied if there was subsequent amendment to the contract, excusing any breach.

9. Defendant(s) reserve the right to assert additional affirmative defenses if and when a factual basis supporting same is established through discovery.

Wherefore the defendants request the complaint be denied, and for such other and further relief as the court deems appropriate.

Respectfully submitted September 27, 2022.

S/ Brian DeBauche, Esq.
Law Firm of Brian DeBauche, LLC, Brian DeBauche, Esq.
401 Kalamath St. Denver, CO 80204
Phone Number: (303) 571-5023
CM/ECF E-mail: debauchelaw@comcast.net
FAX Number: (303) 571-5043    CO Atty. Reg. #: 28593

# CERTIFICATE OF SERVICE

  I hereby certify that on September 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

  *Counsel for Defendant:*
        Stephen H. Hennessy, Esq.
        4450 Arapahoe Ave. Ste. 100
        Boulder, CO 80303
        (303) 630-9169
        shennessy@hennessypllc.com
        Attorneys for Plaintiff

Via ECF

                                            *s/ Brian DeBauche*